## Lubrecht v. Laurel Stripping Company, Appellant.

Argued November 16, 1956. Before STERN, C. J., JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*George I. Puhak,* with him *Andrew I. Puhak,* for appellant.

*Michael H. Sheridan,* for appellee.

OPINION BY MR. JUSTICE JONES, December 29, 1956:

This appeal grows out of an action in assumpsit instituted by the plaintiff against the defendant company, a Pennsylvania corporation, for the recovery of damages for the defendant's alleged breach of a written contract between the parties which called for the plaintiff's services in the capacity of general manager of all of the mining and stripping operations of the defendant company in respect of all contracts that the company then had or should thereafter acquire from the date of the employment contract whether such mining or stripping contracts were procured by the plaintiff or obtained by the defendant company. For the plaintiff's services in the premises the defendant promised to pay him at the rate of ten cents per long ton for each ton stripped or mined by the defendant company or its employees. The contract did not, however, provide for any definite term of employment.

In addition to the written contract of employment declared upon, the plaintiff in his amended complaint averred that, upon entering into the contract with the defendant on March 10, 1942, and in reliance on the defendant company's representation, the plaintiff surrendered his position as an assistant engineer for the City of Hazelton, gave up the engineering work he had

theretofore been performing as an assistant to a mining engineer, abandoned his development of a coal property for his own account and, on March 19, 1942, assumed the discharge of his duties under the contract of employment; that continuously until March 15, 1948, the defendant company, under the general managership of the plaintiff, had successfully operated a number of coal properties; that the defendant, without just or reasonable cause or fault on the plaintiff's part, had discharged him on March 15, 1948, from his position of general manager of the defendant's coal mining or stripping operations; and that, at the time of the plaintiff's discharge, the defendant was engaged in the operation of a large mining contract which it continued to operate subsequent to the plaintiff's discharge as the defendant's general manager. The plaintiff accordingly claimed damages of the defendant company, measured by the amount of moneys received by it from all coal stripped, mined and delivered for preparation under the contracts and leases operated by the defendant between the date of the alleged breach of the contract of employment and the date of the plaintiff's suit.

At trial, the plaintiff offered evidence in support of his amended complaint, and the defendant produced countervailing testimony. The case was submitted by the trial judge to the jury in a charge to which the defendant company took no material exception. The jury returned a verdict in favor of the plaintiff in the sum of $7,141.85 with interest from May 31, 1951. The defendant moved for a new trial and also for judgment n.o.v. Both motions were refused by the court en banc, and judgment was entered on the verdict. The defendant brought this appeal.

The appellant charges that the trial judge erred in not holding that the contract of employment, not be-

ing for a definite term, was terminable at will and, also, in leaving to the jury the construction and interpretation of the written agreement with respect to its intended duration.

As to the first of these assignments, the record does not bear out the appellant's contention. The learned trial judge charged the jury in relevant connection as follows: "This contract fails to state the time of the employment and, therefore, it is presumed that it could be terminated at will, unless a contrary intention could be fairly derived from the contract itself, or the consideration therefor."

The foregoing instruction was in strict accord with what Mr. Justice (now Chief Justice) STERN said, in speaking for this court in *Slonaker v. P. G. Publishing Company*, 338 Pa. 292, 296, 13 A. 2d 48, as follows: "The general rule is that when a contract provides that one party shall render service to another, or shall act as his agent, or shall have exclusive sales rights within certain territory, but does not specify a definite time or prescribe conditions which shall determine the duration of the relation, the contract may be terminated by either party at will: *Coffin v. Landis,* 46 Pa. 426; *Trainer v. Laird,* 320 Pa. 414; *Press Publishing Co. v. Reading News Agency,* 44 Pa. Superior Ct. 428, 433; *Willcox & Gibbs Co. v. Ewing,* 141 U.S. 627. It is true that such a result does not follow in every instance, because it is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement."

The burden was, of course, upon the plaintiff, who was asserting to the contrary, to overcome the presump-

tion that the contract was terminable at will: *Jones v. Pittsburgh Mercantile Co.,* 295 Pa. 219, 221, 145 A. 80. This, he could do by proving the circumstances surrounding the execution of the contract, the situation of the parties, the objects they apparently had in view and the nature of the subject-matter of the agreement from which the jury could infer that the contractual relationship contemplated by the agreement was to endure for a reasonable time or for some particular period: *Slonaker v. P. G. Publishing Company,* supra; *Nolle v. Mutual Union Brewing Company,* 264 Pa. 534, 541, 108 A. 23; and *Weidman v. United Cigar Stores Company,* 223 Pa. 160, 161, 72 A. 377. See, also, Williston on Contracts (Revised Ed.), Vol. 4, § 1027A (3), p. 2852.

Such was the basis upon which the court below submitted the case to the jury; and the jury was warranted under the evidence in finding that the plaintiff's right to employment embraced a period beyond the date of his discharge by the defendant. Thus, the testimony disclosed that the plaintiff had engineering skill which fitted him for the position of supervising the coal-mining or stripping operations of the defendant; that he sacrificed other work in order to assume the duties of general manager for the defendant company in its mining operations; and the contract itself, in its provisions concerning the plaintiff's service as general manager for the defendant, in the performance of the mining and stripping operations under all contracts which the defendant had or should thereafter acquire, afforded an inference that the plaintiff's employment would continue so long as one of such contracts was being operated which was the situation when the plaintiff was discharged and for some time thereafter.

It was the inference with respect to the intention of the parties to the contract of employment to be deduced from the evidence which the trial court correctly left to the jury to determine. If the defendant desired fuller instructions in connection with the submission of the case, it should have so requested of the trial judge. But, that it did not do. Nor did it take any exception to the court's rulings on the admission or rejection of evidence. The fact is that the defendant laid no basis whatsoever for appellate review of the trial which, in the main, was concerned with purely factual matters and no exception was taken to the court's statement of the applicable law. The defendant is not unnaturally dissatisfied with the result which it now asks this court to upset for no assigned valid reason. The motions for a new trial and for judgment n.o.v. were properly denied.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE BELL:

The contract of employment, since it provided no definite term, was either terminable (by either party) at will, which is the general rule, or terminable within a reasonable time. This depends upon the intention of the parties as ascertained from the entire agreement, taking " ' " ' . . . into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement' " . . .' " : *Foulke v. Miller*, 381 Pa. 587, 593, 112 A. 2d 124; *Betterman v. American Stores Company*, 367 Pa. 193, 80 A. 2d 66; *Price v. Confair*, 366 Pa. 538, 79 A. 2d 224.

I believe this contract of employment was for a reasonable time. Six years was more than a reasonable

time. Plaintiff's claim was, in my opinion, unjustifiable in law and in equity, and I would enter a judgment for defendant non obstante veredicto.