**W. S. McALEER, Plaintiff,**

v.

**McNALLY PITTSBURG MFG. CORP.,**
**Defendant.**

**Civ. A. No. 60–597.**

United States District Court
W. D. Pennsylvania,
March 4, 1963.

James Larrimer, Pittsburgh, Pa., for plaintiff.

Earl F. Reed, Jr., Pittsburgh, Pa., for defendant.

WILLSON, District Judge.

This non-jury civil action has been tried as directed by the Court of Appeals, 3 Cir., 307 F.2d 220 (1962). At the second trial counsel submitted all of the evidence taken at the first trial as well as a stipulation, and for the defendant, additional evidence was offered. The case is for decision on the merits upon all the evidence.

In his complaint plaintiff alleges a contract of employment with defendant which he says defendant breached. Paragraphs 4 and 5 of the complaint aver the employment contract. They read:

"4. On or about April 14, 1959, the defendant, by its president, Ed-ward T. McNally, acting within the scope of his employment, made an offer in writing to the plaintiff to continue the defendant's employment of the plaintiff as its sales representative in the area of Pittsburgh, Pennsylvania, until the contemplated retirement date of the plaintiff, July 30, 1961, at a monthly salary of $500.00. A copy of said writing is attached hereto as Exhibit A.

"5. On May 15, 1959, after negotiations, the defendant amended its offer as aforesaid to increase the monthly salary to $625.00 and the plaintiff accepted said amended offer and continued in the employment of the defendant."

Plaintiff sues to recover lost wages at the rate of $625.00 per month from May 20, 1960 to July 30, 1961 in the total sum of $8,950.00, and in addition claims a reduction in his retirement annuity at the rate of $16.00 monthly amounting to $1,705.77. In addition, says plaintiff, he suffered a cancellation of his group life insurance policy and prays for equitable relief with respect to that feature of the case.

Defendant answered generally. Its first defense was that the complaint failed to state a cause of action upon which relief sought can be granted. In its second defense defendant admits citizenship but denies that the amount in controversy exceeds the jurisdictional amount. It further denies that it made an offer of employment in writing for any fixed period of time. It averred that the period was expressly conditioned upon the satisfactory volume of coke oven business in the Pittburgh area, and by implication conditioned upon the good faith performance by the plaintiff of his duties.

Plaintiff, W. S. McAleer had been a valued long time employee of defendant, McNally Pittsburg Mfg. Corp., and in charge of its regional office in Pittsburgh Pennsylvania. In the Spring of 1959 defendant transferred the major portion of its activities from Pittsburgh, Pennsylvania to Pittsburg, Kansas. Plaintiff's salary with defendant had been

approximately $14,000.00 per year with an annual bonus which ranged from $7,000.00 to $16,000.00 per year in addition to his salary. On April 14, 1959, Mr. McNally, for the defendant, wrote two letters to the plaintiff. In plaintiff's exhibit 1, the subject of the letter is styled "Closing of Pittsburgh Office". Mr. McNally reviews the reasons why the business is to be transferred away from Pittsburgh. In this letter he says:

"By a separate letter I am proposing that you continue to represent us in Pittsburgh from your home."

He discusses other features of the Pittsburgh business, mainly with regard to transferring certain files to plaintiff's home in order to service two accounts, but says:

"* * * your home files should be kept to the barest minimum."

In the second letter, plaintiff's exhibit 2, the question of plaintiff's employment is dealt with specifically. Mr. McNally refers to the other letter of the same date indicating that plaintiff should restrict his activities to the Koppers and Wilputte accounts. He then says:

"I propose that this arrangement continue until your retirement, which appears to be July 30, 1961, presuming that the volume of coke oven machinery work continues at some respectable level."

The letter proposes his salary but reads:

"* * * to reflect your reduced activities, to $500.00 per month."

It also says that travel expenses will be reimbursed and that plaintiff's interest in the Equitable Retirement Plan,

"* * * is vested in you and that your retirement pay will be unimpaired under any circumstances."

The closing paragraphs bring up the thought that the proposal to plaintiff may not be attractive and that other employment might be desirable.

The written proposals made by defendant in the two letters were not accepted by plaintiff. However, after oral conversations defendant increased the salary offer to $625.00 per month, and plaintiff orally accepted the proposition offered by defendant. Plaintiff's employment with defendant continued on a part time basis mentioned in the letters. In October of the same year, 1959, plaintiff contacted Mr. McNally revealing to him that he had an offer from Peter Loftus Corporation as a consultant on a per diem basis, and inquired as to whether Mr. McNally would permit the arrangement. Mr. McNally had no objections at the time but informed plaintiff that,

"* * * our relationships would be reviewed again in a few months' time after we saw how this new arrangement with Peter Loftus worked out." (Second Transcript—p. 16)

Plaintiff's work with defendant and with Peter Loftus continued. Subsequently, however, on April 13, 1960, the letter, plaintiff's exhibit 3, was sent by Mr. McNally to plaintiff. In that letter Mr. McNally said:

"In view of the shift in the center of gravity for coke oven work from Pittsburgh to Wellston, plus your employment in the meantime by Peter Loftus, I feel that you should plan on terminating your employment with us not later than July 31, 1960, which is a year earlier than your normal retirement date."

Shortly thereafter the plaintiff and Mr. McNally met at a hotel in Pittsburgh. Plaintiff registered his objection to the earlier termination of his employment and according to Mr. McNally, threatened a law suit. Whereupon Mr. McNally wrote the letter of May 20, 1960, terminating plaintiff's employment.

Both parties agree that plaintiff's employment with defendant up to April 14, 1959 was at will. Plaintiff's counsel in his Requested Findings of Fact asked the Court to find that point as a fact. I do so find. On that basis, says plaintiff, a new arrangement was entered into which amounts to a binding contract of employment between the par-

ties for a fixed period of time ending July 30, 1961. Defendant, on the other hand, contends that the arrangement entered into was no more than a continuation of the at will employment which was subject to termination at any time. It is to be noticed at this point that nowhere in his oral testimony, nor is there any writing where plaintiff says he promised to work for defendant until July 30, 1961. All plaintiff's counsel points to is the continued activity by plaintiff at the reduced salary and on a part time basis as an acceptance of defendant's so-called firm offer. Under the evidence in the case I do not find that the at will employment was ended and a new employment commenced. In the first place the letter of April 14th showed that Mr. McNally was concerned with the personal affairs and welfare of the Pittsburgh employees of the defendant, including the plaintiff, but in neither of the letters is there any indication whatsoever that defendant felt that he was bound to retain plaintiff for any fixed period of time. The arrangement was subject to the contingency that the volume of coke oven machinery work would continue at some respectable level. And further, the letters indicate that plaintiff's status as to activity would be on a reduced basis but the letters do not indicate or in any wise infer that the employment is to be anything but on a full time basis. This construction of the writings is borne out by the fact that before taking work with Peter Loftus, plaintiff felt compelled to and did consult with defendant. That being so, the novation in the arrangement included Mr. McNally's statement that the arrangement was subject to,

" * * * our relationships would be reviewed again in a few months' time after we saw how this new arrangement with Peter Loftus worked out."

Whatever the status of the arrangement between the parties, it was not based firmly on a written contract. At the trial, however, plaintiff's counsel seems to indicate that he relies on a written contract only, as indicated at page 21 where-

in he moves to strike out any part of Mr. McNally's testimony contrary to the writing as a violation of the parol evidence rule. (Second Transcript). It is apparent, however, that no contract can be gleaned from written documents only. It is still a fundamental proposition in contract law that an offer made must be accepted. I find no written promise by the plaintiff of any proposal made by the defendant which would, in law, amount to a binding written contract. The fact is, under the evidence, that plaintiff merely assented to a continuation of his then present employment at a reduced pay level and at a reduced work load. There is no interruption of his then employment and the inception of a new contract of employment. The preponderance of the evidence establishes the continuity of the previous employment. Defendant pointed out that the plaintiff's retirement pay and his interest in the insurance group policy would in no wise be affected. This Court accepts Mr. McNally's statement as a fair construction of the whole arrangement that defendant sought a sinecure arrangement for the benefit of the plaintiff, with plaintiff's duties to become less and less as time passed until the date of his retirement was reached. Counsel for each of the parties seek to bolster their positions by citations of various decisions in support of their positions. It seems to me that the statement in 8 P.L.E. Contracts § 146, p. 189,

"When it appears from the face of a contract that it is not the whole agreement and it does not purport to be complete, parol evidence will be received not for the purpose of changing the writing, but to show the whole transaction to which it belongs in order that the rights of the parties thereunder may be determined."

is applicable in the first instance. Also plaintiff cites Lubrecht v. Laurel Stripping Company, 387 Pa. 393, 127 A.2d 687 (1956), a recent case of the Supreme Court of Pennsylvania, as controlling. I do not so read the decision written by Justice Jones. The Court says in part,

in quoting Slonaker v. P. G. Publishing Company, 338 Pa. 292, 296, 13 A.2d 48, 50,

> " * * * it is the intention of the parties which is the ultimate guide, and, in order to ascertain that intention, the court may take into consideration the surrounding circumstances, the situation of the parties, the objects they apparently have in view, and the nature of the subject-matter of the agreement."

In discussing the factual situation, it is noticed that the Court says the plaintiff Lubrecht *sacrificed* other work in order to assume the duties as General Manager for the defendant company. Thus the decision discloses consideration by the plaintiff, i. e., giving up something of value. In the instant case, one can comb the record and find nowhere any indication that plaintiff McAleer gave up any right, assumed any burden or gave any consideration which would require a finding of a new agreement commencing April 14, 1959. In the instant employment arrangement certainly no one can say that defendant received anything more after April 14th than it did prior thereto. There was no benefit to the defendant which would give consideration for a binding contract. Likewise, plaintiff, not having terminated his employment prior to April 14th or at any time thereafter, was already legally obliged to do what he continued to do. The law of this phase of the case is clearly announced in Markson Bros. v. Redick, 164 Pa.Super. 499, 1949, at p. 506, 66 A.2d 218, at p. 221, where the writer refers to the Restatement, Contracts, § 76(a). Applicable language is used in the decision in quoting from 12 Am.Jur. § 412,

> "Each party must gain or lose something by the change. * * * If one party to a contract, in agreeing upon a modification of it, neither assumes an additional obligation nor renounces any right, the promise of the other is nudum pactum and void."

Referring again to the testimony, there is no dispute that the parties had a conversation by telephone prior to plaintiff's taking employment with Peter Loftus. As indicated, plaintiff felt bound to consult Mr. McNally prior to accepting such outside work. This was certainly a modification of the arrangement mentioned in the April 14th letters. In that conversation what was agreed to was a modification of the original proposal which plaintiff says he accepted. In the modification Mr. McNally for the defendant reserved the right to review the matter at a later date. In his letter of April 13, 1960, suggesting termination one year earlier than first contemplated, he mentions two matters which had been the subject of prior reservation. The first was " * * * the shift in the center of gravity for coke oven work from Pittsburgh to Wellston", and the second was his employment "in the meantime by Peter Loftus".

In summary then, under all of the evidence, I find that defendant at no time offered an employment contract to plaintiff commencing April 14, 1959, and running to and terminating on July 31, 1961. I further find that plaintiff at no time ever intended to, nor did he offer any consideration, or suffer any detriment amounting in law to consideration, in continuing his employment status with the defendant.

My conclusion is that the arrangement between the parties was one at will after April 14, 1959. The obligation which plaintiff seeks to impose upon the defendant fails for lack of consideration.

This opinion is regarded as including the Findings of Fact and Conclusions of Law as permitted under the provisions of Rule 52 of the Federal Rules of Civil Procedure.

### ORDER

AND NOW, this 4th day of March, 1963, in accordance with the foregoing opinion, the Clerk is directed to enter judgment against the plaintiff, W. S. McAleer, and in favor of the defendant, McNally Pittsburg Mfg. Corp.