**A. W. JACKMAN, Jr.,** Appellant,

v.

**MILITARY PUBLICATIONS, INC.**

No. 15142.

United States Court of Appeals
Third Circuit.

Argued May 6, 1965.

Decided Aug. 9, 1965.

---

8. McGinniss v. Brown, 30 Tenn.App. 178, 204 S.W.2d 334 (1947), and cases there cited.

**384**

Esther R. Sylvester, Philadelphia, Pa. (John F. Naulty, Philadelphia, Pa., on the brief), for appellant.

Harris Ominsky and Blank, Rudenko, Klaus & Rome, Philadelphia, Pa. (Henry J. Morgan, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, HASTIE and FREEDMAN, Circuit Judges.

HASTIE, Circuit Judge.

This is an action for breach of contract brought in federal court under diversity jurisdiction and tried to the court sitting without a jury.

The plaintiff Jackman, a publisher's agent, sued the defendant, Military Publications, Inc., under a contract dated August 26, 1958. By this instrument Military Publications assumed the obligations of another publisher under a contract of December 15, 1957 between that publisher and Jackman. The subject matter of the contract was the production and sale of books, comparable to school year books, about and for members of training units at various military installations.

After full hearing the trial court made findings of fact and conclusions of law and entered judgment thereon for the defendant. A motion for a new trial was made and denied. The plaintiff appealed, but in his notice of appeal stated incorrectly that he was appealing from the order denying his motion for a new trial, instead of grounding his appeal on the final judgment. However, we shall disregard this formal mistake and consider the merits of the case as an appeal from the final judgment. Cromling v. Pittsburgh & L. E. R. R., 3d Cir. 1963, 327 F.2d 142, 144, n. 1; 6 Moore, Federal Practice, 1953, par. 59.15[1] at 3891–93.

The parties contracted that Jackman "is hereby employed and appointed as the sole and exclusive military representative in the sale of books and publications to be published by" Military Publications. It was provided that Jackman "shall receive a flat salary of $10,000.00 (Ten Thousand Dollars) per year". There also were provisions for the payment of certain commissions to Jackman on books sold.

The contracts said nothing about their duration or terminability. On May 15,

1959 Military Publications notified Jackman that the contract between them "is hereby terminated, effective immediately", but agreed to the payment of commissions for a short period. In fact, some additional payments were made to Jackman for more than a year; full salary through July 1959 and monthly payments of approximately $380 thereafter until September 1960.

█ The principal issue on appeal is whether, as the trial court found and held, this contractual arrangement was terminable at will.

The district court correctly found that the agreements constituted a contract of employment. The parties have properly recognized that this contract is to be interpreted in accordance with the law of Pennsylvania. The Pennsylvania rule concerning the termination of employment contracts is stated in Cummings v. Kelling Nut Co., 1951, 368 Pa. 448, 451, 84 A.2d 323, 325 as follows:

> "The general rule is that when a contract provides that one party shall render services to another, or shall act as an agent, or shall have exclusive sales rights within certain territory, but does not specify a definite time or prescribe conditions which shall determine the duration of the relation, the contract may be terminated by either party at will * * *. The burden is on the plaintiff in such cases to overcome the presumption by showing facts and circumstances establishing some tenure of employment * * *. The intention of the parties governs. One relying on the contract as providing for a reasonable length of time must establish something in the nature and circumstances of the undertaking which would create the inference that a definite or reasonable period of employment was actually contemplated by the parties."

See also Rosenfeld v. Rosenfeld, 1957, 390 Pa. 39, 46, 133 A.2d 829, 832, 66 A.L.R. 2d 1013; Lubrecht v. Laurel Stripping Co., 1956, 387 Pa. 393, 396, 127 A.2d 687, 689. Cf. Slonaker v. P. G. Publishing Co., 1940, 338 Pa. 292, 296, 13 A.2d 48, 50.

Thus, the burden was on the plaintiff to overcome the presumption that the contract was terminable at will "by showing facts and circumstances establishing some tenure of employment". Jackman attempted to do this by inference from a paragraph of the contract which provided that in the event of his death "all commissions that might be due and payable to him" should continue to be payable to his estate so long as any publishing contract covered by the employment contract should continue in effect. The court construed this provision "to mean only that if anything is owed to plaintiff when he dies the sum owing to him should be paid to his estate". The court thought that in a normal business transaction it would not be agreed that a party in the plaintiff's position should receive "a lifetime annuity under the contract regardless of whether his services would be helpful to the defendant through the years". The court also stated, properly on this record, that "there is no evidence that plaintiff's services were sufficiently valuable to indicate that the parties intended to do this".

In these circumstances, we think the court was justified in ruling that the plaintiff failed to overcome the normal presumption of terminability at will. Certainly, the contract does not compel a conclusion that the parties intended that Jackman receive a $10,000 salary for life. And though the intended scope and duration of the right to commissions is not wholly clear on the face of the agreement, we cannot say that the court's findings and conclusions in this regard were clearly wrong.

█ As a separate point, the plaintiff's case in regard to commissions was fatally deficient in another respect. Relying upon the contract and relevant testimony, the court found that commissions were payable periodically upon the basis of actual sales. But the evidence does not show the volume of sales upon which commissions are claimed to have been earned and to remain unpaid. A trier of

fact could but speculate how much, if anything, is due Jackman beyond the aggregate of payments made to him through August, 1960. Thus, proof of damages from unpaid commissions was wholly inadequate.

The judgment will be affirmed.