## Matthews v. Pennsylvania Perlite Corporation of York

*Liverant, Senft & Cohen,* for plaintiff.

*Markowitz, Kagen & Griffith,* for defendant.

ATKINS, P. J., November 22, 1965.—Plaintiff filed a complaint alleging that defendant requested him to move his residence from Schuylkill Haven, Pa., to or near York, Pa., and, in consideration of said transfer of the residence, offered to hire him as a salesman of its products in a specified area at a specified weekly salary and a commission for sales in excess of a specified amount made in any fiscal year.

The offer was made by letter, which, inter alia, stated:

"It is hereby agreed by the Pennsylvania Perlite Corporation of York or its assignees that in consideration

of this move, effective July 1, 1958 you would be paid a salary of $115.00 per week".

The letter then sets forth the additional commission and the territory assigned to plaintiff, followed by this paragraph:

"The above mentioned territory shall be assigned to you as long as you actively and effectively solicit business in said territory, or until changes are made in the territory by mutual agreement".

Defendant filed preliminary objections in the nature of a demurrer, alleging that no cause of action exists because the contract was terminable at will.

"The general rule is that when the contract provides that one party shall render services to another or shall act as an agent or shall have exclusive sales rights within certain territory but does not specify a definite time or prescribe conditions which shall determine the duration of the relation, the contract may be terminated by either party at will": Cummings v. Kelling Nut Company, 368 Pa. 448.

Plaintiff has the burden to establish the facts and circumstances to overcome the presumption of a contract terminable at will: Lubrecht v. Laurel Stripping Company, 387 Pa. 393. If the consideration for the contract is something more than the performance of the work agreed to by plaintiff, such as an agreement to move from a distant community to the place of employment (Lucacher v. Kerson, 158 Pa. Superior Ct. 437), or the sale of a business (Weidman v. United Cigar Stores Company, 223 Pa. 160), the contract ceases to be terminable at will, and will extend at least for a reasonable time: Lubrecht v. Laurel Stripping Company, supra. Here, plaintiff alleges a consideration other than the employment itself, which under the authorities cited takes the contract out of the category of one terminable at will. It is not necessary to express any opinion at this point on the question of

whether this was a contract to extend for a reasonable time or for a specified period.

And now, to wit, November 22, 1965, it is ordered, adjudged and decreed that the preliminary objections filed by defendant be and are hereby overruled and dismissed, with leave to file an answer to the complaint within 20 days from the date hereof. An exception is granted to defendant to the action of the court in this regard.