KENAI ELKS LODGE, # 2425,
Appellant,

v.

HOTEL AND RESTAURANT LOCAL UNION # 878, Anchorage Hotel and Restaurant Employees Welfare Fund & Alaska Hotel & Restaurant Pension Fund, Appellees.

No. 4365.

Supreme Court of Alaska.

April 25, 1980.

Albert Maffei, Maffei, Inc., Anchorage, for appellant.

Randall Simpson, Jermain, Dunnagan & Owens, Anchorage, for appellees.

Before RABINOWITZ, C. J., CONNOR, BOOCHEVER and MATTHEWS, JJ., and SOUTER, Judge [sitting as supreme court justice].

OPINION

PER CURIAM.

At issue here is the liability of the appellant as an employer of hotel and restaurant workers for underpayment of health and welfare benefits to the Anchorage Hotel and Restaurant Employees Health and Welfare Fund plus liquidated damages and an accounting fee. The total principal amount in controversy is $3,932.18 plus costs and attorney's fees. Judge Kalamarides found that there were no genuine issues of material fact and that appellees were entitled to judgment as a matter of law and he there-fore entered summary judgment for appellees.

The following portion of the trial court's opinion adequately answers the only arguably meritorious points raised by appellant:

Defendants have raised the defense generally that the union has failed to furnish qualified employees to the Defendant upon request. Matters between the employer and the union do not directly affect matters between the employer and the trust funds. Defenses based upon alleged failure of consideration have generally been rejected. *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960). *Lewis v. Quality Coal Corp.*, 270 F.2d 140 (7th Cir. 1959), cert. denied, 361 U.S. 929, 80 S.Ct. 369, 4 L.Ed.2d 353 (1960). Defendant additionally alleges that health and welfare benefits do not apply to the non-union employees of Defendant, so that payment of said benefits to the Plaintiff would constitute an unjust enrichment to the union trust fund. Plaintiff notes that the trust funds do not condition payment of benefits on the basis of union membership, as to do so would be a violation of § 8 of the Labor Management Relations Act (a/k/a the Taft-Hartley Act), 29 U.S.C.A. § 158(a), (b); *NLRB v. Local 138 et al.*, 293 F.2d 187 (2nd Cir. 1961). In any event failure to pay benefits to employer's employees would not constitute a defense against the trust in a collection action. *Upholsterers' Union v. Leathercraft Furniture Co.*, 82 F.Supp. 570 (E.D. Pa.1949).

AFFIRMED.