**GOLDIES, INC., Appellant,**

v.

**ALASKA HOTEL & RESTAURANT EM-PLOYEES HEALTH AND WELFARE FUND, Alaska Hotel and Restaurant Employees Pension Trust and Legal Trust, Appellees.**

**No. 5078.**

Supreme Court of Alaska.

Feb. 6, 1981.

Thomas L. Melaney, McVeigh & Melaney, Anchorage, for appellant.

Randall Simpson, Jermain, Dunnagan & Owens, Anchorage, for appellees.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and DIMOND, Senior Justice.

## OPINION

MATTHEWS, Justice.

This is a suit to recover payments allegedly owing to health and welfare, pension, and legal trust funds pursuant to a collective bargaining agreement between Goldie's Inc. [Goldies] and Bartenders International Union Local 883 and Hotel and Restaurant Employees Local 878 [Union]. Under the terms of the agreement, Goldies was required to make monthly payments into the Alaska Hotel and Restaurant Employees Health and Welfare Fund, the Alaska Hotel and Restaurant Employees Pension Fund, and the Legal Trust [Trust Funds] on behalf of its employees. The trust agreements for the health and welfare plan and pension plan, which were incorporated by reference into the bargaining agreement, provided for liquidated damages in the event of underpayment by the employer.

As a condition of the agreement, the Union orally agreed to attempt to organize and picket Goldies' next-door competitor, Moby Dick's.[1] The Union did not picket or organize Moby Dick's.

Goldies failed to make the required payments and the Trust Funds instituted this lawsuit to recover unpaid contributions and liquidated damages.[2] The trial court found that there were no genuine issues of material fact and granted plaintiffs' motion for summary judgment. The trial court's order required payment of $10,522.62 in principal, $1,534.94 in audit costs, and $1,391.56 in liquidated damages.

On appeal, Goldies argues that the superior court erred in granting summary judgment. Goldies claims that the Union's nonperformance of the oral condition excused its obligation to make trust fund contributions. In response the Trust Funds argue that the condition is contrary to national labor policy[3] and therefore invalid. Alternatively, Goldies argues that if the condition is invalid, the entire collective bargaining agreement is invalid and unenforceable. Finally, Goldies claims that the trial court erred in awarding liquidated damages.

The employees, as beneficiaries of the Trust Funds, are third-party beneficiaries of the contract between the Union and Goldies. At common law, a promisor could raise against a third-party beneficiary any defense which could be raised against the promisee.[4] However, in *Lewis v. Benedict Coal Corp.*, 361 U.S. 459, 80 S.Ct. 489, 4 L.Ed.2d 442 (1960) the Court refused to treat a collective bargaining agreement as a typical third-party beneficiary contract. The Court held that national labor policy, "out of solicitude for the union members because they might have little opportunity to prevent the union from committing ac-

---

1. Goldies and Moby Dick's are cocktail lounges in Anchorage.

2. The Union is not a party to the lawsuit.

3. *United Mine Workers v. Pennington*, 381 U.S. 657, 85 S.Ct. 1585, 14 L.Ed.2d 626 (1965) held that an employer could not condition the execution of a labor contract upon the Union's promise to organize the employer's competitors.

4. Restatement of Contracts § 140 (1933).

tionable wrongs," does not allow an employer to raise the union's breaches as a defense against its obligations to make employee benefit contributions. The Court noted that an employer's contributions to an employee benefit fund are "really another form of compensation to the employees" and therefore cannot be forfeited by the actions of the union over which the employees have little, if any, control.

As a result of *Benedict*, courts have been reluctant to allow any defense to an employer's promise to make payments into employee benefit plans.[5] In *Kenai Elks Lodge # 2425 v. Hotel and Restaurant Local # 878*, 611 P.2d 10, 11 (Alaska 1980), we held that the union's failure to furnish qualified employees to the employer upon request did not excuse the employer from making employee benefit contributions because "matters between the union and the employer do not affect matters between the employer and the trust funds."

■ In the instant case, the Union orally agreed to an arguably unlawful condition which it subsequently failed to perform.[6] Because Goldies obligation to pay into the Trust Funds was part of its employees' compensation, the actions of the

Union, either in agreeing to perform the condition,[7] if it is illegal, or in failing to perform the condition, if it is not, do not defeat Goldies' obligation to make employee benefit contributions. Goldies may sue the Union for damages or seek rescission of the agreement, but it may not assert the Union's misconduct as a defense to its obligation to make contributions for hours already worked by its employees.

■ Goldies' final argument is that the trial court erred in awarding plaintiffs liquidated damages. The trust agreements provide that liquidated damages must be paid by the employer at the rate of $50.00 per month of delinquency or fifteen percent of the total delinquency for health and welfare fund underpayment, and at the rate of twenty dollars per month or ten percent of the total delinquency for pension fund underpayment. Applying these formulae, the trial court awarded liquidated damages of $1,391.56 on a total delinquency of $10,-522.62.

Goldies claims that there was no prior agreement to liquidate damages. However, the trust agreements, which are incorporated by reference into the collective bargaining agreement, contain liquidated damages

---

**5.** Cases in which employer defenses have been rejected include: *Lewis v. Mill Ridge Coals, Inc.*, 298 F.2d 552 (6th Cir. 1962) (employer claiming failure of consideration); *Huge v. Long's Hauling Co. Inc.*, 442 F.Supp. 1041 (W.D.Pa.1977), *aff'd* 590 F.2d 457 (3rd Cir. 1978), *cert. denied*, 442 U.S. 918, 99 S.Ct. 2840, 61 L.Ed.2d 285 (1979) (employer claiming collective bargaining agreement was result of union's unfair labor practices); *Lewis v. Seanor Coal Co.*, 256 F.Supp. 456 (W.D.Pa.1966), *aff'd*, 382 F.2d 437 (3d Cir. 1967), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968) (employer claiming collective bargaining agreement was illegal, invalid, and subject to an unfulfilled oral condition); *Lewis v. Harcliff Coal Co.*, 237 F.Supp. 6 (W.D.Pa.1965) (employer claiming collective bargaining agreement was the result of fraud and duress); *Trust Fund Services v. Heyman*, 15 Wash.App. 452, 550 P.2d 547 (1976) (employer claiming union's unfair labor practice invalidated collective bargaining agreement).

**6.** Because the parties do not raise the issue, we do not decide whether an employer's obligation to make employee benefit contributions may be modified by an oral prior or contemporaneous

agreement. Several courts have held that oral agreements modifying the terms of a written agreement concerning contributions to an employee trust fund are contrary to national labor policy and must be ignored. *Denver Metro. Ass'n. v. Journeyman Plumbers*, 586 F.2d 1367 (10th Cir. 1978); *Lewis v. Seanor Coal Co.*, 256 F.Supp. 456 (W.D.Pa.1966), *aff'd* 382 F.2d 437 (3d Cir. 1967), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968); *Lewis v. Harcliff Coal Co.*, 237 F.Supp. 6 (W.D.Pa.1965); *Trust Fund Services v. Heyman*, 15 Wash.App. 452, 550 P.2d 547 (1976).

**7.** The invalidity or illegality of a collective bargaining agreement does not alter the employer's duty to make employee benefit contributions, *Lewis v. Seanor Coal Co.*, 256 F.Supp. 456, 459 (W.D.Pa.1966), *aff'd* 382 F.2d 437 (3d Cir. 1967), *cert. denied*, 390 U.S. 947, 88 S.Ct. 1035, 19 L.Ed.2d 1137 (1968), therefore, it is not necessary for us to determine whether the Union's promise to organize and picket Moby Dick's invalidates the entire collective bargaining agreement.

provisions. Courts have consistently upheld reasonable liquidated damages provisions in trust agreements. *See United States v. Carter*, 353 U.S. 210, 220–21, 77 S.Ct. 793, 798–799, 1 L.Ed.2d 776, 784–85 (1957); *Bricklayers Local 21 v. Thorleaif Larson & Son, Inc.*, 519 F.2d 331 (7th Cir. 1975); *Jensen v. Garvison*, 274 F.Supp. 866 (D.Or. 1967). The liquidated damages provisions in the trust agreements are not unreasonable, therefore, the trial court did not err in awarding liquidated damages.

AFFIRMED.