Anthony M. PINIZZOTTO Plaintiff,

v.

PARSONS BRINKERHOFF QUADE AND DOUGLAS, INC. and Parsons Brinkerhoff Construction Services, Inc. Defendants.

Civ. A. No. 87–8138.

United States District Court,
E.D. Pennsylvania.

Oct. 21, 1988.

Lawrence Elliott Hirsch, Philadelphia, Pa., for plaintiff.

Andrew Fylypovych, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

In this case, the jury found that defendant breached plaintiff's oral employment contract.[1] The jury further found that plaintiff had proven the oral contract by a preponderance of the evidence, but not by clear evidence.[2]

It is a well settled principle of Pennsylvania law that an employment contract with no specific term of duration is presumptively terminable at will by either party. *E.g., Lubrecht v. Laurel Stripping Company,* 387 Pa. 393, 396, 127 A.2d 687 (1956). Parties alleging that an employment contract has a definite duration have the burden of proving that fact. *Lubrecht,* 387 Pa. at 396–97, 127 A.2d 687. Whether Pennsylvania law requires clear evidence or a preponderance of the evidence to rebut the presumption of employment at will, however, is a difficult issue.[3]

Respectable authority exists holding that clear evidence is the required standard. *Greene v. Oliver Realty, Inc.,* 363 Pa.Super. 534, 526 A.2d 1192 (1987); *Sikora v. Temple University,* No. 85–0668, slip op. at 12 (E.D.Pa. June 10, 1988) [available on WESTLAW, 1988 WL 60906]; *Browne v. Maxfield,* 663 F.Supp. 1193, 1197 (E.D.Pa. 1987). I disagree. The Pennsylvania Supreme Court has not decided the issue. The state of the law in Superior Court is contradictory. In March, 1987, the court stated that the burden "is satisfied by *clear proof* that the parties contracted for a specific duration." *Greene,* 363 Pa.Super. at 543, 526 A.2d at 1200 (emphasis added). Just nine months later, however, the same court (indeed the same judge) stated that a plaintiff "ha[d] proven by a *preponderance of the evidence* the existence of a contract of employment for [a] definite term ..., thereby rebutting the at-will presumption." *Robertson v. Atlantic Richfield Petroleum,* 371 Pa.Super. 49, 60, 537 A.2d 814, 820 (1987) (emphasis added).

The imposition of a clear proof standard in employment contract cases rests on the premise that:

---

1. In general, oral employment contracts are enforceable under Pennsylvania law. *E.g., Greene v. Oliver Realty, Inc.,* 363 Pa.Super. 534, 526 A.2d 1192 (1987); *contra* Samuel Goldwyn: "[a] verbal contract isn't worth the paper it's written on." *See People v. Fields,* 38 A.D.2d 231, 328 N.Y.S.2d 542 (1st Dep't 1972) (Kupferman, J., dissenting in part).

2. The Court submitted the issue to the jury under each standard by special interrogatories. After finding liability, the jury fixed damages at $171,250.

3. Defendant's Motion for a New Trial on this issue is totally without merit.

a jury is much more likely to be composed of employees as opposed to employers. We hope that it does not exhibit too cynical a view of humanity for us to be concerned that this might affect more than an occasional verdict. The law is replete with procedural rules designed to guard against the damages of prejudicial jury verdicts. The at-will presumption is such a rule. However, the presumption can be rebutted by clear evidence that the parties intended a contrary result. *Greene*, 363 Pa.Super. at 548, 526 A.2d at 1198. This view imposes the value system of the judge on what should be a policy neutral standard of proof for resolution of a dispute turning on credibility. Such logic could be extended, for example, to require a higher standard of proof in tenants' claims against landlords. It also could lead, by way of further example, to the imposition of a higher standard of proof in accident cases involving whiplash injuries, where judges are suspicious of the credibility of plaintiffs' claims.

I recognize that courts have applied the higher "clear and convincing" standard in a variety of contexts including civil fraud; adultery; illegitimacy of a child born in wedlock; disputed wills; oral contracts to make bequests; charges of undue influence; suits for specific performance of an oral contract; proceedings to set aside, reform or modify written transactions or official acts on grounds of fraud, mistake or incompleteness; deportation proceedings; first amendment issues such as those involving *New York Times v. Sullivan* malice, and the like. *See Woodby v. INS*, 385 U.S. 276, 285 n. 18, 87 S.Ct. 483, 488 n. 18, 17 L.Ed.2d 362; C. McCormick, *Evidence*, §§ 339–40 (E. Cleary 3d ed. 1984). One commentator has suggested that the imposition of a higher standard has its "origins in the standards prescribed for themselves by the chancellors in determining questions of fact in equity cases." C. McCormick, *Evidence* § 340 (E. Cleary 3d ed. 1984). I am reluctant to put a "chancellor's foot" over this garden variety employment contract dispute. *Cf. United States v. Russel,*

411 U.S. 423, 435, 93 S.Ct. 1637, 1644, 36 L.Ed.2d 366 (1973).

As the Supreme Court stated in *Santosky v. Kramer*, 455 U.S. 745, 756–57, 102 S.Ct. 1388, 1396–97, 71 L.Ed.2d 599 (1981):

> This Court has mandated an intermediate standard of proof—'clear and convincing evidence'—when the individual interests at stake in a state proceeding are both 'particularly important' and 'more substantial than mere loss of money.' Notwithstanding 'the state's "civil labels and goods intentions," ' the Court has deemed this level of certainty necessary to preserve fundamental fairness in a variety of government-initiated proceedings that threaten the individual involved with 'a significant deprivation of liberty' or 'stigma.'

(citations omitted). I see no interests at stake in this dispute which are both "particularly important" (except to the litigants) and "more substantial than mere loss of money." Nor do I find any basis to predict the frequency of erroneous outcomes in this type of case, much less any basis on which to assess the social utility or disutility of any particular result. *In re Winship*, 397 U.S. 358, 371–72, 90 S.Ct. 1068, 1076–77, 25 L.Ed.2d 368 (1970) (Harlan, J., concurring).

A commentator also has suggested that a higher standard of proof should apply "where there is thought to be special danger of deception, or where the court considers that the particular type of claim should be disfavored on policy grounds." C. McCormick, *Evidence* § 340 (E. Cleary 3d ed. 1984). I cannot find that the danger of deception with respect to the duration of employment contracts is any greater than the usual risk involved in jury credibility determinations. As for the suggestion that the court should consider employment contract claims with disfavor on policy grounds, I reject that notion in its entirety. If claims as to the duration of employment contracts present a public policy concern, the legislature can enact a statute of frauds.[4] I recognize that the judiciary tra-

---

4. The Statute of Frauds is both a declaration of public policy and a limitation on judicial au-

thority. *E.g., Gogel v. Blazofsky*, 187 Pa.Super. 32, 142 A.2d 313 (1958). For example, the

ditionally resolves issues of the degree of proof where the legislature has not spoken, but I see no reason to impose a higher than usual burden on plaintiffs who claim breach of employment contracts. *Woodby v. INS*, 385 U.S. 276, 284, 87 S.Ct. 483, 487, 17 L.Ed.2d 362 (1966).

> In addition, a commentator argues that: [a] few courts have stated that the requirement of a burden of proof greater than a preponderance of the evidence may depend upon the probability of proving the claim and, therefore, if it is unlikely that an allegation can be supported, clear and convincing evidence will be required to prove it.

C. McCormick, *Evidence*, § 340 n. 19 (E. Cleary 3d ed. 1984). I find this notion circular and difficult to either understand or apply.[5] It does not follow that the standard of proof should be raised merely because the claim is a difficult one. In fact, a contrary argument is equally possible but untenable; for meritorious but difficult claims the courts should utilize a lower standard of proof. Given the impracticability of sorting out claims that are either difficult to prove or meritorious as a matter of law, I would rely instead on juries to find the facts in employment contract disputes under the traditional standard, a preponderance of the evidence. I will not impose a higher standard for rebutting the at-will presumption in employment contracts. An appropriate order follows.

### ORDER

AND NOW, this 21st day of October, 1988, upon consideration of defendant Parsons Brinkerhoff Construction Services, Inc.'s Motion for Judgment Notwithstanding the Verdict and/or for a New Trial, it is hereby ORDERED that defendant's Motion is DENIED.

Pennsylvania Statute of Frauds requires leases of a duration exceeding three years to be in writing. *E.g., McDowell v. Henry German Baking Co.*, 118 Pa.Super. 165, 179 A. 866 (1935).

**5.** McCormick himself rejects this rationale as applied to the proof of difficult claims. C. McCormick, *Evidence*, § 340 n. 19 (E. Cleary 3d ed. 1984).