485 A.2d 477

**John E. STEINHAUER and Carolyn J. Steinhauer, H/W,**

v.

**John W. WILSON, t/a Wilson Associates, Appellant.**

**John W. WILSON, Appellant,**

v.

**John E. STEINHAUER and Carolyn J. Steinhauer, H/W.**

Superior Court of Pennsylvania.

Argued Sept. 6, 1984.

Filed Dec. 5, 1984.

John D. Snyder, III, West Chester, for appellant.

Paul I. Guest, Jr., King of Prussia, for appellees.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

OLSZEWSKI, Judge:

This appeal follows verdicts for appellees in a consolidated case before the Honorable Dominic T. Marrone, President Judge of the Court of Common Pleas of Chester County.

At the center of the controversy sits a house built by appellant and bought by appellees. It appears from the evidence that cracks developed in the foundation of the house shortly after appellees took possession. As a result of the cracks, water entered the basement and damaged it. Appellant, though notified of the problem, allegedly failed to take any corrective action. Appellee John E. Steinhauer retaliated with a sign "These Houses Poorly Built" on the corner of his garage facing the road. At appellant's request, appellees removed the sign—before it had been in place for one hour. Several weeks later, appellee erected another sign "This House Defective".

Appellees sued in assumpsit to recover damages for breaches of express and implied warranties. No. 449 May Term, 1979. In a separate action, appellant alleged that the signs displayed by the appellees constituted libel. No. 237 July Term, 1979. The cases were consolidated for trial. A jury found for appellees on the contract action in the sum of Twenty-one Thousand Dollars ($21,000.00) and against appellant on the libel action. Appellant filed post-verdict motions for judgment N.O.V. and for a new trial, as well as a motion for remittitur in No. 449 May Term, 1979.

Those motions denied, this appeal follows.

Appellant raises three points of error. The first contends that the trial court erred in refusing to strike the testimony of appellees' expert witness on the issue of damages. The witness, Joseph Jerome, testified that he was a retired construction superintendent. He described his duties as a superintendent and explained that, since his retirement, he was engaged in estimating costs of construction and coordinating work among contractors in the industry. Jerome described his method of estimating the costs of constructed work; he testified further that he had acquainted himself with what work needed to be done, then consulted with various contractors to determine the prices they would charge for the work. The trial court found Jerome qualified as an expert in the field.

■ Appellant objected to the Jerome testimony as hearsay. The trial court overruled that objection. As Judge Marrone explained, *"the witness testified that the estimates he gave were his own* although they may have been reached in part by his considering the figures provided him by the various contractors with whom he had consulted." Lower court opinion, No. 449 May Term 1979, at 9 (emphasis added). We agree with Judge Marrone. The expert based his opinion on facts made known to him before trial. That those facts were in part hearsay does not invalidate the expert's opinion. *See* Fed.R.Evid. 703 ("If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or dated need not be admissible in evidence.") The lower court properly admitted Jerome's testimony. Appellant's first claim of error is dismissed.

Appellant argues that the jury verdict in No. 449 May Term, 1979 was unsupported by and inconsistent with the evidence presented as to the amount of appellees' damages. The jury returned a verdict in an amount of Twenty-one Thousand Dollars ($21,000.00). Appellees' expert, Mr. Jerome, had testified that the cost of performing the necessary repairs would run between Eighteen Thousand Dollars

($18,000.00) and Twenty Thousand Dollars ($20,000.00), without allowance for overhead or profit. The thousand dollar ($1,000.00) excess apparently represents the jury's estimate of the repairer's profits.

■ In their brief, appellees contend "it is a reasonable inference ... that the jury included an additional $1,000 for the obviously additional costs to be associated with the corrective work necessary." Appellees' Brief at 15. We reject that argument. Appellees nowhere presented evidence tending to establish the amount of profit or overhead. "The law requires not merely conjecture, but rather sufficient data from which ... damages can be assessed with reasonable certainty." *Gordon v. Trovato*, 234 Pa.Super. 279, 286, 338 A.2d 653, 657 (1975), citing *Macan v. Scandinavian Belting Company*, 264 Pa. 384, 107 A. 750 (1919). On the evidence presented, the jury could not have found in favor of appellees in amount in excess of $20,000.00. "[W]here the only error disclosed by the record is in sustaining a verdict for a larger amount than plaintiff by his own showing was entitled to recover, an appellate court may correct the error without reversing the judgment." Standard Pennsylvania Practice 2d § 92:81 and cases cited therein; *see* 42 Pa.C.S. § 706 (appellate court may modify any order brought before it for review). Accordingly, we modify the lower court's order to reflect remittitur of the verdict by One Thousand Dollars ($1,000.00).[1]

■ Appellant contends that the trial court erred in removing from jury consideration the first defamatory sign in case No. 237 July Term 1979. The sign "These Houses Poorly Built" had remained in place on appellees' property for a period of less than one hour. Appellant had the burden of proving actual communication to someone other than himself, the person defamed. The lower court, finding no publication, concluded that appellant failed to make out his case-in-chief, "A close review of the record indicates that only one person testified to seeing the first sign, and that

1. We note that appellees, at argument, agreed to the reduction in verdict.

was John W. Wilson, the plaintiff [appellant]." Lower court opinion, No. 237 July Term, 1979, at 4. Appellant argues that publication can be inferred from display of the sign for a period of approximately one hour in a public street. The lower court reasoned that actual communication, more than a presumption of communication, was required. "[I]t is the duty of the trial judge to determine, prior to sending the case to the jury, whether or not the plaintiff has met his burden." *Morena v. South Hills Health System*, 501 Pa. 634, 639, 462 A.2d 680, 683 (1983), citing *Thomas v. Ribble*, 404 Pa. 296, 172 A.2d 280 (1961). Submission of the issue to the jury would have invited speculation as to whether or not anyone not a party to the action had viewed the sign. We find no error in the judge's decision.

Judgment at No. 449 May Term, 1979 modified to reflect remittitur of One Thousand Dollars ($1,000.00). Judgment as modified affirmed. Judgment at No. 237 July Term, 1979 affirmed. Jurisdiction relinquished.