537 A.2d 814

**Michael S. ROBERTSON**

v.

**ATLANTIC RICHFIELD PETROLEUM PRODUCTS COMPANY A DIVISION OF ATLANTIC RICHFIELD COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 29, 1987.

Filed Dec. 21, 1987.

Reargument Denied Feb. 8, 1988.

50

52

Charles W. Kenrick, Pittsburgh, for appellant.

Charles S. Morrow, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and JOHNSON and MONTGOMERY, JJ.

CIRILLO, President Judge:

This is an appeal from an order entered in the Court of Common Pleas of Allegheny County denying appellant

ARCO's post-trial motions in a breach of contract of employment action brought by its former employee, appellee Michael S. Robertson.

Robertson had been an employee of ARCO for approximately seven and one half years in its Pittsburgh offices before the transfer at issue in this case. In Pittsburgh, Robertson, in his management position there, coordinated deliveries to retail service station dealers and distributors in a seven state area. His performance reviews were consistently excellent.

In February of 1982 ARCO approached Robertson concerning a position involving product delivery at ARCO's Newark terminal, a position for which Robertson's qualifications were less than commanding, as was openly acknowledged by all concerned. Robertson was concerned that, should he fail to master this new position, one totally outside of his previous experience with the company, it might hurt his career with ARCO. ARCO subsequently offered appellee the position on a trial basis with the understanding that periodic reviews would be undertaken and that, should Robertson's performance remain unsatisfactory at the end of the trial period, he would be reassigned. Following the interview with Robertson, ARCO's eastern regional manager prepared an internal memo, the pertinent portion of which reads:

In light of the circumstances cited above [reservations about his effectiveness], I advised Mr. Robertson that he would be accepted for the Newark assignment on a trial basis and that if after a reasonable period of time (three to six months) he was unable to perform effectively, reassignment action would be taken.

Robertson began the new assignment in February of 1982 immediately after these discussions, later moving his home to the Philadelphia area. Robertson's performance was reviewed in May of 1982, September of 1982, and April of 1983. At each of these junctures ARCO recognized appellee's obvious efforts to improve his performance, noted areas which still needed improvement, and decided to ex-

tend the trial period. In April of 1983, ARCO was informed that the eastern portion of the company was being sold, and there followed a subsequent reduction in the work force. In June of 1983 Robertson was terminated because of his unsatisfactory performance. ARCO attempted to find another position for him but because other employees being displaced as a result of the sale had better performance records, they were preferred for any available openings. Robertson was subsequently sporadically employed with salaries and prospective salaries (Robertson was still interviewing at the time of trial) of approximately $18,000, $10,000 less than he had been making at ARCO.

In February of 1984 Robertson filed suit alleging, *inter alia*, breach of employment contract. Following a jury verdict for Robertson and denial of ARCO's timely post-trial motions, ARCO filed the instant appeal with this court.

Appellant presents three issues for our consideration, alleging reversible error as to each: (1) rulings of the trial court adverse to the defendant as to the legal sufficiency of plaintiff's claim; (2) denial of a new trial despite the existence of prejudicial error; and (3) refusal of remittitur. At the outset we will address the first contention since, unless the trial court is upheld in the actions complained of in this argument, there will be no need to reach the second and third issues.

■ The threshold question for this court is whether Robertson's employment was at-will at the time of his discharge. We will not review terminations of at-will employment relationships. *Veno v. Meredith*, 357 Pa.Super. 85, 97, 515 A.2d 571, 577 (1986). The verdict in the trial court was for Robertson, indicating that the jury found that his relationship with ARCO at the time of his discharge was not employment at-will.

This court's recent decisions in this area of the law contain extensive discussion of Pennsylvania's at-will doctrine and existing exceptions and are cited repeatedly by both parties. These cases provide guidance for this court in

the instant matter but no single case controls the outcome here.

The parties to this appeal do not disagree on what must be shown in order to rebut the presumption of at-will employment, a long-standing doctrine in Pennsylvania law. Appellant had the benefit of this presumption and the the burden of persuasion to rebut it was with appellee Robertson.

■ All employment is considered to be at-will absent: (1) sufficient additional consideration; (2) an agreement for a definite duration; (3) an agreement specifying that the employee will be discharged only for just cause; or (4) an applicable recognized public policy exception. The parties concede that (3) and (4) are not applicable in this case, and question only the court's resolution of (1) and (2).

## I. Argument I: LEGAL SUFFICIENCY

Following the rendering by the jury of a verdict for the plaintiff, ARCO moved, *inter alia*, for arrest of judgment or, in the alternative, a judgment notwithstanding the verdict. These motions were denied by the trial court in addition to the remaining post-trial relief requested by appellant which we will address in Sections II & III, *infra*.

■ A motion in arrest of judgment seeks to overturn the verdict because of a defect apparent on the record, while judgment n.o.v. is properly granted where no two reasonable persons could disagree that the verdict was improper. *Erkens v. Tredennick*, 353 Pa.Super. 236, 240, 509 A.2d 424, 426 (1986); *Geyer v. Steinbronn*, 351 Pa.Super. 536, 549, 506 A.2d 901, 908 (1986). There is no defect apparent on the record in the instant matter.

■ Judgment n.o.v. is an extreme remedy properly entered by the trial court only in a clear case where, after viewing the evidence in the light most favorable to the verdict winner, no two reasonable minds could fail to agree that the verdict was improper. *Scarborough by Scarborough v. Lewis*, 359 Pa.Super. 57, 61–62, 518 A.2d 563, 565

(1986); *Bryant v. Girard Bank*, 358 Pa.Super. 335, 339, 517 A.2d 968, 971 (1986). Considering only the evidence which supports the verdict, the court must give the verdict winner the benefit of all doubt and of every fact and inference deducible from the evidence. *Gonzalez v. United States Steel Corp.*, 484 Pa. 277, 287, 398 A.2d 1378, 1383 (1979); *Atkins v. Urban Redevelopment Auth.*, 489 Pa. 344, 351, 414 A.2d 100, 103 (1980).

■ The existence of a contract, the terms thereof, and the sufficiency of those terms to rebut the at-will presumption were within the province of the jury in the first instance, their finding reviewable by the trial court thereafter. In interpreting a contract to ascertain the intention of the parties the court may consider the totality of the surrounding circumstances, the situation of the parties, the objects they apparently had in mind, and the nature and subject matter of the agreement. *Lucacher v. Kerson*, 158 Pa.Super. 437, 440, 45 A.2d 245, 247 (1946).

■ A review of the record indicates evidence sufficient to support the jury's conclusion that a contract of employment was made on or about February 9, 1982, whereby Robertson agreed to undertake the Newark position in exchange for a promise of reassignment if his job performance there proved unsatisfactory at the end of the specified duration. Robertson understandably did not wish to jeopardize his career with ARCO by failing in an attempt to master a new assignment, one for which both parties recognized he was not fully qualified. Therefore, the parties agreed to a trial period which was originally contemplated to last between three and six months, was later extended by the company, and ultimately lasted approximately fifteen months. At the end of this trial period, when Robertson's performance had still not reached the level desired by the company, Robertson was, by the terms of the contract, entitled to reassignment for a reasonable period of time, since the contract did not specify a duration of the reassign-

ment. Only after the passage of this reasonable period of time would Robertson have reverted to at-will status.

Further, the evidence supports a reasonable inference that, by leaving a position where his performance enhanced his career prospects and moving to the Philadelphia area, Robertson provided sufficient additional consideration to rebut the at-will presumption. As to appellant's argument that the discharge was for just cause, specifically for unsatisfactory performance in the Newark position, it was reasonable for the jury to conclude that the contract prevented discharge for this reason and provided that reassignment was the proper remedy for this particular unsatisfactory performance. In fact, testimony by appellant's personnel showed that the company attempted to reassign Robertson, citing company-wide cutbacks due to a reorganization as the reason they were unable to find Robertson a new position. It is a reasonable inference that ARCO's attempt to reassign Robertson acknowledged its obligation to do so.

There was evidence from which the jury could reasonably find that Robertson had proven by a preponderance of the evidence the existence of a contract of employment for the definite term of a trial period supported by sufficient additional consideration, thereby rebutting the at-will presumption and, further, that termination of Robertson's employment was not for just cause but constituted a breach of the contract by ARCO entitling Robertson to a verdict.

The test for sufficiency of the evidence does not ask this court to decide whether it agrees with the trial court; the question is whether the evidence is sufficient to support recovery as a matter of law. While we adhere to the well-settled principle that employment is to be considered at-will absent a contract supported by sufficient additional consideration, in the instant case the jury found a contract and the trial court did not err in concluding that the evidence supported the verdict.

For the foregoing reasons we find that the trial court committed no error in regard to the legal sufficiency of the

evidence supporting the verdict for Robertson. We turn now to appellant's second argument.

## II. Argument II: DENIAL OF NEW TRIAL

 ARCO next cites numerous trial errors allegedly prejudicial to it, specifically the admission of certain evidence alleged to have been irrelevant, the limitation of the scope of its cross-examination of Robertson, the scope of damages allowed to be presented, the court's admonishment of ARCO's counsel in open court, error in various points for charge, and statements made to the jury during that charge. ARCO properly preserved these issues for appeal with the following exceptions: (1) ARCO's post-trial motion complained only of the court's admonishment about the presentation of exhibits during cross-examination of Robertson. Therefore, to the extent ARCO's brief on appeal argues prejudice in reference to other admonishments, it will be disregarded; (2) point for charge number nine was not specifically indicated in ARCO's post-trial motion and is, therefore, waived; (3) refusal of ARCO's point number sixteen and acceptance of Robertson's point number five, while raised in the post-trial motion, are not argued on appeal and will not be considered; and (4) ARCO's failure to object on the record to the portion of the charge in which it is alleged the trial judge invited the jury to "make law" waives this issue and prevents our review of it. We will address ARCO's remaining points seriatim.

 Our standard of review of the denial of a new trial is to decide whether the trial court committed an error of law which controlled the outcome of the case or an abuse of discretion. *Wood v. Smith*, 343 Pa.Super. 547, 550, 495 A.2d 601, 603 (1985). The appellant bears a heavy burden in persuading this court that such error occurred. In considering all of the evidence in the light most favorable to appellee we must, to reverse the trial court, conclude that the verdict would be changed if another trial were granted.

### 1. Admission of evidence

 Robertson's exhibits two through six, dealing with his performance reviews prior to his transfer to Newark, were deemed relevant to his professional competence and admitted over ARCO's objection. Testimony regarding these exhibits was also admitted. We believe that this evidence was relevant, if for no other reason, at least to the fact that Robertson was approached with the offer of employment in Newark which speaks to the parties' intention to contract, a material issue in the case. We therefore find no abuse of discretion in the trial judge's ruling on its admissibility.

### 2. Limitation of cross-examination

 Absent an abuse of discretion or error of law prejudicial to appellant, the trial court's discharge of its responsibility for the conduct of the trial in regard to the scope of cross-examination will be upheld. A review of the relevant portions of testimony indicates that the limitation was restricted to questions concerning the documents about which Robertson was being questioned. The court recognized ARCO's right to a broader scope of cross-examination of a party and did not prevent questions concerning Robertson's deposition, prohibiting only inquiry about the preparation and contents of the documents referred to at the deposition since Robertson did not prepare them. Appellant alleges prejudice in that the limitation prevented a full exploration of ARCO's just cause basis for Robertson's dismissal. The record reflects that this issue was extensively explored and, further, that the fact that appellee was not performing satisfactorily was not contested. We, therefore, find no merit in appellant's argument.

### 3. Presentation of damages by appellee

 The trial judge properly pointed out that both parties had the latitude to argue to the jury the entitlement to and the extent of appropriate damages as it related to the evidence presented. ARCO's instant argument relates to

the court's refusal to give its point for charge 17. This point sought to restrict the damages to a maximum of $32,500, a figure representing Robertson's lost salary from the date of termination to September of 1985. That figure did not take into account any other factor which could impact on the fixing of a damage amount. It is not within the province of the trial court to usurp any part of the function of the jury. We find no merit in appellant's argument in this regard.

4. Admonishment of counsel

█ In asking ARCO to present to the witness a copy of the deposition exhibit to which he referred, the trial judge was acting entirely within the court's discretion in the conduct of the trial. The record reflects no disparaging or derogatory remarks and it is difficult for this court to see how ARCO was prejudiced by such a "housekeeping" exchange with the bench. Appellant's argument is without merit.

5. Points for Charge

ARCO first argues that binding instructions should have been given directing the jury to return a verdict in favor of ARCO. As we have previously noted, the factual issues which the jury had to resolve precluded a determination as a matter of law that the employment relationship was at-will. Therefore, refusal to charge the jury as appellant requested in point number one was entirely correct.

█ Robertson's points for charge numbers one through four concerning the existence of a contract, its terms, and the parties' intent were accepted by the court and the jury was charged in accordance with them. ARCO, while conceding that the law was fairly represented by these points, argues that, because such matters are not always exclusively within the province of the jury in a contractual unjust

dismissal case, the giving of these instructions presented an "unbalanced" view of the role of the jury. Since the court had already determined that these issues could not be resolved as a matter of law, appellant's argument is irrelevant and without merit since we have determined the legal sufficiency issues in favor of appellee.

■ ARCO next argues that its points three, seven, eight, twelve and seventeen were denied and "should have been *read* to the jury." (Emphasis added). As both the trial judge and Robertson correctly point out, the trial court need not use any proposed point verbatim so long as the language used correctly and adequately covers the area or point of law at issue. *Bell v. City of Philadelphia*, 341 Pa.Super. 534, 546, 491 A.2d 1386, 1391–92 (1985); *McGowan v. Devonshire Hall Apartments*, 278 Pa.Super. 229, 242, 420 A.2d 514, 521 (1980). We turn now to each point raised on appeal.

■ Point for charge number three, as proposed by ARCO, dealt with the burden of proof to rebut the presumption of at-will employment. The record reflects that the court repeatedly charged the jury that the burden of proof was with Robertson, though not precisely in the language requested by ARCO. Rebuttal of a presumption is a legal term of art conveying a certain meaning to those schooled in the law, but which does not have the same import with lay persons. Therefore, what is important in jury instructions is that a clear sense of the meaning of a legal term be conveyed. Such is the court's duty in regard to any legal term. We find that the jury was properly charged as to Robertson's burden to prove the existence of facts to support one of the exceptions, previously enumerated in the charge, to rebut the at-will presumption.

■ ARCO's point number seven sought both to define at-will employment and to have the jury instructed that the presumption of at-will employment was a "strong" one.

The court did charge on the at-will definition but declined to use the modifier "strong" in reference to the presumption. ARCO cites *Henry v. Pittsburgh & Lake Erie R.R.*, 139 Pa. 289, 21 A. 157 (1891), for this proposition. Robertson points to a recent opinion from this court in which at-will employment is extensively discussed to support his position that the language used by the court was well within the current law. *Darlington v. General Electric Co.*, 350 Pa.Super. 183, 504 A.2d 306 (1986). Further, the trial court, in deciding this point in ARCO's post-trial motion, did not find fundamental error prejudicial to it. We agree. There is no necessity to classify as "strong" the at-will presumption nor is it prejudicial error to fail to do so when the charge reflects the burden necessary to overcome the presumption.

ARCO's point number eight, as the trial court noted, is repetitive. In view of our previous discussion we find no merit in ARCO's argument that this point was "eliminated." Where points have been previously covered, the court's refusal to give a proposed instruction is not error. *Wilson v. Pennsylvania R.R.*, 421 Pa. 419, 422–23, 219 A.2d 666, 673 (1966); *Werner v. Quality Serv. Oil Co.*, 337 Pa.Super. 264, 269, 486 A.2d 1009, 1011 (1984).

As to proposed point number twelve, ARCO argues that removal of language concerning "overcoming the presumption" unduly prejudiced it. A review of the portion of the charge complained of, as well as the charge as a whole, confirms the trial court's judgment that the jury was adequately charged as to what they would have to find for the presumption of at-will employment to be overcome.

For reasons set forth previously, ARCO's argument as to proposed point seventeen, limiting the amount of damages, cannot be accepted. To so instruct the jury would have been to invade its province as the extent of damages could not be determined until the factual issues surrounding the contract and its duration were resolved.

66

■ Even if the charge as a whole reveals inaccuracies or omissions, it is not substantially erroneous so long as it is not misleading. *Mount v. Bulifant,* 438 Pa. 265, 270, 265 A.2d 627, 630 (1970). Further, at the conclusion of the charge, counsel had the opportunity to raise any errors so that they could be corrected before the jury retired. ARCO objected only to the court's reference to "writing*s* " which the jury could consider. ARCO asserted that only the internal memo should be considered by the jury and sought to exclude Robertson's performance reviews. ARCO also objected to a possibly misleading reference to damage figures on a blackboard. Both of these issues were subsequently disposed of in supplemental instructions to the jury. This was the time at which ARCO should have raised all errors as to the points argued on this appeal, and, if curative instructions were not perceived to be adequate, noted exceptions on the record.

Our review of the record in this matter as it relates to the points for charge gives us no reason to disturb the trial court's determination that the charge was neither erroneous nor prejudicial to appellant.

III. Argument III: REMITTITUR

■ Finally, ARCO argues that the trial court committed reversible error by failing to order remittitur pursuant to its post-trial motion asserting that the verdict was excessive given the evidence. We can reduce the award only where it is manifestly clear the trial court erred in entering a judgment larger than the verdict winner by his own showing was entitled to recover. *Steinhauer v. Wilson,* 336 Pa.Super. 155, 159, 485 A.2d 477, 479 (1984).

■ In the case at bar, the jury found a contract of employment and a breach thereof. The parties did not disagree that $32,250.00 represented appellee's lost earnings up until October of 1985. Robertson pointed out, however, that this was not inclusive of benefits and argued

that the figure was not a fair measure of the total damages. Similarly, the parties do not disagree that upon the finding of a contract the extent of appellee's damages would include lost income for the "reasonable time" Robertson would have worked in a new, reassigned position. ARCO argues, however, that this would not have been beyond October of 1985 when ARCO sold the Newark facility. ARCO offers in further support the implication that the same manager who fired Robertson in 1983 would have fired him in October of 1985. The latter contradicts the testimony of that manager that "reassignment" would have taken Robertson out of his division. Therefore, neither the sale of the Newark facility nor the assumed future decision of its manager provide conclusive evidence of a point at which Robertson's damage ended. As Robertson points out, it is reasonable to assume that had he been reassigned to a position he could handle, his performance reviews would have returned to their pre-Newark level of excellence and his employment with ARCO would have continued to retirement, as was his apparent desire. ARCO's assertion that the jury necessarily contemplated a "lifetime" contract in reaching the $200,000.00 award has no support in the record.

■■■ Robertson established mitigation and showed a current income of approximately $18,000.00 per year. This represents a loss of $10,000.00 per year when compared with his salary at ARCO. Assuming *arguendo* an equal rise in base earnings between the two jobs in the future, Robertson's loss will be $10,000.00 per year. He is thirty-nine and can be expected to work twenty-six additional years, thereby incurring a loss of $260,000.00. Thus, the verdict of $200,000.00 returned by the jury was supported by the evidence and was not excessive. The trial court's failure to order remittitur was, therefore, proper and we will not disturb that determination.

JUDGMENT AFFIRMED.