**Michael R. MONKELIS, Plaintiff,**

v.

**SCIENTIFIC SYSTEMS SERVICES, INC., Defendant.**

**Civ. A. No. 85–2858.**

United States District Court,
W.D. Pennsylvania.

Jan. 11, 1988.

Michael R. Monkelis, pro se.

John Meyers, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

This case arises out of a dispute over an employment relationship between the plaintiff, Michael R. Monkelis, and the defendant, Scientific Systems Services, Inc. This Court has jurisdiction pursuant to 28 U.S.C. § 1332; plaintiff is a resident of Munhall, Pennsylvania, and defendant is a Florida corporation with it's principal place of business in Melbourne, Florida.

Presently before us is defendant's Motion for Summary Judgment. For the reasons set forth below, we will grant this motion.

## I. BACKGROUND

Plaintiff was hired by the defendant in August, 1980. Plaintiff's Deposition at 38. Defendant is a computer software company

whose business includes the development and supply of integrated computer systems for industrial facilities. *Id.* at 40–41. Plaintiff worked as a "systems architect" in defendant's office in R.I.D.C. Park, an industrial complex located in a Pittsburgh suburb. *Id.* at 41. While working for the defendant, plaintiff received his law degree in 1981. Plaintiff's Affidavit at 1. Following graduation he continued working for defendant. *Id.* at 2. In July, 1981, pursuant to an employee tuition reimbursement policy, the defendant agreed to reimburse the plaintiff for his last year of law school in consideration for plaintiff's agreement to give defendant three months written notice of his intent to terminate his employment with defendant. Plaintiff's Complaint, Exhibit A.

Also in July, 1981, defendant entered into a contract to complete a computer project for Consolidated Aluminum Corporation. Plaintiff's Deposition at 46. In light of plaintiff's involvement in the planning stages of this project, he was elevated to the position of Project Manager. Plaintiff's Affidavit at 1. Although plaintiff alleged that he had contemplated seeking a job within the legal profession he had no formal job offer at that time and was not actively pursuing job opportunities. *Id.* at 3; Plaintiff's Deposition at 84. Plaintiff worked at the project manager position until December, 1981, when he was terminated. Plaintiff's Affidavit at 3. That termination is the subject of this lawsuit.

Plaintiff filed an eight count complaint in this court in December, 1985, alleging, under various legal theories, that defendant had promised to employ him for a fixed period of time and that defendant failed to keep that promise. We previously granted defendant's Motion to Dismiss Count V since plaintiff's wrongful discharge claim was time barred. We also granted defendant's Motion to Dismiss Count VI because plaintiff lacked standing to pursue a Lanham Act section 43(a) claim. *See* Cohill, C.J., Opinion and Order dated February 3, 1987.

## II. DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The purpose of the summary judgment procedure is to eliminate a trial in cases where it is unnecessary and would only cause delay and expense. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3rd Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

When confronted with a motion for summary judgment, it is not the court's function to weigh the evidence and determine the truth of the matter, the court must only determine whether there is a "genuine" issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Paton v. La Prade*, 524 F.2d 862, 875 (3rd Cir.1975). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 106 S.Ct. at 2510.

The moving party has the initial burden to identify evidence which demonstrates the absence of a genuine issue of material fact. *First National Bank of Pennsylvania v. Lincoln National Life Insurance Co.*, 824 F.2d 277, 280 (3rd Cir.1987). The moving party may meet its burden by showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The movant need not show the absence of a genuine issue of material fact with respect to any issue on which the nonmovant bears the burden of proof. *Id.*

 Rule 56 must be read, however, as intended not just to protect nonmovants with real claims but also to protect the rights of movants to dispose of claims without a sufficient basis to go to trial. *Id.* 106 S.Ct. at 2555. Thus, when the nonmoving party bears the burden of proof on the

merits, it must make a showing sufficient to establish the existence of every element essential to its case. *Id.* at 2552–53. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted. *Anderson,* 106 S.Ct. at 2510; *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.,* 812 F.2d 141, 144 (3rd Cir.1987). A complete failure of proof on an element renders all facts immaterial and the movant is entitled to judgment as a matter of law. *Celotex,* 106 S.Ct. at 2553. If the factual context renders the nonmovant's claim implausible, the nonmovant must come forward with more persuasive evidence to support his claim than would otherwise be necessary. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Plaintiff alleges in Count I that defendant breached an implied employment contract for a fixed term. Plaintiff's Complaint at 4. Plaintiff asserts that upon receiving his law degree he contemplated terminating his position with the defendant and seeking employment in the legal profession. *Id.* at 2. He alleged that he was the author of the project document for the Consolidated Aluminum project and that defendant needed him to assist with the development of the project. *Id.* at 3. Plaintiff claims he decided to remain in defendant's employ in exchange for defendant's reimbursement for his last year of law school and his promotion to project manager. *Id.* at 3–4. Plaintiff argues that defendant therein impliedly promised that he would be employed for the length of the entire project. *Id.*

As evidence of this implied promise, plaintiff contends that his job title "Project Manager" carries with it the implication of employment throughout the duration of that project however long that may be. Plaintiff also cites to language in defendant's project handbook which he claims demonstrates defendant's knowledge that a project has a definite beginning and end. Lastly, plaintiff asserts that his decision to abstain from looking for another job was consideration for this implied promise. Plaintiff did not cite any other evidence whatsoever in support of his implied contract claim. At both his deposition and the hearing before this court on defendant's summary judgment motion, plaintiff, acting *pro se,* repeatedly admitted that he has no additional proof in the form of written or oral words upon which he bases his alleged implied contract for fixed-term employment. *See* Monkelis Deposition at 72–73, 78–81, 102–03, 105–06.

■ The parties agree that Pennsylvania law applies to this dispute. In Pennsylvania, a contract of employment which does not specify a definite duration of employment is presumed to be terminable at the will of either party. *Geary v. United States Steel Corp.,* 456 Pa. 171, 175, 319 A.2d 174, 176 (1974). The burden is thus upon the party asserting to the contrary to overcome the presumption by producing evidence of facts and circumstances establishing tenure. *Geib v. Alan Wood Steel Co.,* 419 F.Supp. 1205, 1208 (E.D.Pa.1976). It must be shown that the parties intended the employment relationship to last for a definite time period. *O'Neill v. ARA Services, Inc.,* 457 F.Supp. 182, 185 (E.D.Pa. 1978). In light of the presumption of employment at-will, the evidence demonstrating fixed duration employment must be clear and definite. *Veno v. Meredith,* 357 Pa.Super. 85, 96, 515 A.2d 571, 577 (1986).

It is for the trier of fact to ascertain the intent of the parties. *Lubrecht v. Laurel Stripping Co.,* 387 Pa. 393, 396, 127 A.2d 687, 690 (1956). In determining whether an employment contract was intended to continue for a definite time, the trier of fact may take into consideration the surrounding circumstances, the situation of the parties, the parties' apparent objectives, and the nature of the subject matter of the agreement. *Cummings v. Kelling Nut Company,* 368 Pa. 448, 451–52, 84 A.2d 323, 325 (1951). *See also Gillian v. Consolidated Foods Corp.,* 424 Pa. 407, 412, 227 A.2d 858, 861 (1967); *Slonaker v. P.G. Publishing Co.,* 338 Pa. 292, 296, 13 A.2d 48, 50–51 (1940).

■ The presumption of terminable at will employment may also be overcome by

evidence showing that an employee gave the employer consideration in addition to the employee's normal services, e.g. sacrificing other employment opportunities. *Bravman v. Bassett Furniture Industries, Inc.*, 552 F.2d 90, 92 (3rd Cir.1977), *cert. denied*, 434 U.S. 823, 98 S.Ct. 69, 54 L.Ed.2d 80 (1977). In such case, the employer must provide employment for at least a reasonable period of time. However, courts require that the employee have rejected specific offers of employment; mere forebearance of a search for an alternative job is not adequate consideration. *Ferguson v. Freedom Forge Corp.*, 604 F.Supp. 1157, 1161 (W.D.Pa.1985) (abstaining from looking for another job is not consideration sufficient to overcome the at-will presumption).

When presented with a motion for summary judgment, we may not weigh the evidence. Our job is to determine whether there exists a genuine issue to justify a trial on the facts. It is up to the moving party to identify evidence, or lack thereof, which shows that there is no issue of fact to be decided at trial, i.e., that there is no evidence to support the nonmovant's case. We find that the defendant has met its burden.

■ There is no evidence of record upon which a reasonable jury could return a verdict for plaintiff on the grounds that the defendant impliedly promised to employ plaintiff for a specific duration. First, plaintiff can recall no written or oral communications from which such an implied contract might be inferred. Second, the fact that one is given a job position with the title "Project Manager" does not in any way alone imply a contract for employment for the length of the project. A given "project" may last anywhere from one day to several years and to say that one has guaranteed employment regardless of how long that project may last, solely on the basis of the title "Project Manager," is unrealistic. This is especially true when the at-will presumption may be rebutted only by clear and definite evidence. It would be entirely unreasonable for a jury

to find an implied fixed-term employment contract on this basis.

Third, it is irrelevant whether defendant knew that a project would last for a specific period of time. Even if the defendant possessed such common knowledge, this fact would add nothing to support an implied contract for fixed-term employment. Lastly, plaintiff had no other formal job opportunities at the time the alleged implied contract was formed. His forebearance from searching for another job is not sufficient to rebutt the presumption of at-will employment. *Freedom Forge*, 604 F.Supp. at 1161.

Besides recognizing the lack of favorable evidence, we additionally note several other facts of record which strongly suggest that no implied contract was ever intended or made. As noted above, plaintiff and defendant did enter into a tuition reimbursement agreement at approximately the same time that plaintiff alleges defendant impliedly promised fixed-term employment. Under that agreement, defendent reimbursed plaintiff for his final year of law school, and plaintiff agreed to give defendant three months' written notice of his intent to terminate his position with the defendant. We note that this agreement makes no mention of fixed term employment. Furthermore, the agreement demonstrates that even if there was an implied contract for a fixed term, there was no concurrent obligation on the part of plaintiff to remain employed with the defendant for the duration of the project, thus suggesting the lack of any consideration from the plaintiff. In essence, plaintiff argues that defendant was required to employ him for the duration of the project but that he could pack up and leave just by providing three months' notice.

We also note that plaintiff was a law school graduate at the time this implied promise was allegedly made. Having just spent years reading about the dilemmas of those who failed to express agreements in writing, plaintiff had to be keenly aware of the need for tangible proof. In fact, plaintiff had not only learned about the desirability of reducing agreements to writing, he

had experienced it first hand. At the time defendant allegedly made a promise of fixed-term employment, plaintiff was litigating a case he had filed against Mobay Chemical Corporation in the Court of Common Pleas of Allegheny County, Pennsylvania, docketed as Civil Action No. 81–30388. There, he had alleged that Mobay breached a verbal fixed-term employment contract. The jury returned a verdict in favor of Mobay. If a promise of fixed-term employment was made, plaintiff certainly should have known enough to reduce it to writing. *See also Monkelis v. Mobay Chemical*, 827 F.2d 935, 936–37 (3rd Cir. 1987) (court upheld $5,167.75 attorney's fee award in favor of Mobay on the grounds that plaintiff's ERISA claim, that Mobay terminated him to prevent his pension from vesting five years after the termination, was frivolous).

Pursuant to the teachings of recent United States Supreme Court decisions, we must be cognizant of the rights of movants to dispose of claims presented without a sufficient basis. Thus, when the nonmoving party bears the burden of proof on the merits, it must make a showing sufficient to establish the existence of every element essential to its case. *Celotex*, 106 S.Ct. at 2552–53. A complete failure of proof on an element renders all facts immaterial and the movant is entitled to judgment as a matter of law. *Id.* at 2553. Here, plaintiff has not even provided colorable evidence that defendant impliedly promised to employ plaintiff for a fixed duration. No reasonable jury could find for the plaintiff. For this reason, we will grant defendant's motion for summary judgment as to Count I.

Plaintiff alleges in Count II that defendant should be equitably estopped from discharging him pursuant to the employment-at-will doctrine. Plaintiff's Complaint at 5. He asserts that defendant induced him to forego other employment by giving him the Project Manager job which it knew to be a fixed-duration position. *Id.* Equitable estoppel is a doctrine designed to prevent one from doing an act differently from the way another was induced, by word or conduct, to expect. The essential elements are in-

ducement and justifiable reliance by the promisee. *Novelty Knitting Mills, Inc. v. Siskind*, 500 Pa. 432, 435–36, 457 A.2d 502, 503 (1983).

■ The only evidence of inducement provided by plaintiff was his allegation that defendant's project handbook demonstrates that defendant views work on a project as involving a definite duration. The handbook, which is a generic handbook and not printed for any special project, states; "[A] project contains obligations in the form of objectives, money, and time." While the defendant most likely knows that a project usually lasts for a specified period of time, we are puzzled as to how this fact could have rationally induced plaintiff to believe that he was to be employed for the duration of the Consolidated Aluminum project. Plaintiff does not cite to any additional oral or written language to support his claim of inducement. We therefore find that no reasonable jury could infer from the above language that plaintiff was guaranteed employment for the length of the project. We will accordingly grant defendant's motion for summary judgment as to Count II.

■ Count III is premised on promissory estoppel. Plaintiff's Complaint at 6. A promise which the promisor should reasonably expect to induce action or forebearance of a definite and substantial character on the part of the promisee and which does induce such action or forebearance is binding if injustice can be avoided only by enforcement of the promise. *Murphy and Slota v. Burke*, 454 Pa. 391, 398, 311 A.2d 904, 908 (1973). Plaintiff claims that he was offered the Project Manager position which defendant knew was one of fixed-term employment and that he relied on this offer to his detriment since defendant did not observe the incidents of fixed-term employment. Plaintiff's Complaint at 6.

As previously noted, plaintiff has provided no evidence that defendant held out the position of Project Manager to be one for fixed-term employment. There is not even evidence from which a jury could rationally infer that the position was for a fixed dura-

tion. Accordingly, summary judgment will be granted as to Count III.

Count IV is substantially similar to Counts II and III. Plaintiff alleges that an implied contract for fixed-term employment can be found in defendant's project handbook. Plaintiff's Complaint at 7. He argues that the handbook shows that defendant viewed a project as work involving a definite duration and therefore his job position of project manager carried with it fixed-term employment for the duration of the project. *Id.* at 7–8. Even assuming defendant views a project as having a definite beginning and end, it requires a leap in logic to infer from this fact that anytime defendant appoints an employee as a "Project Manager" it must employ him for the duration of the referenced project. This is especially true because there is a presumption in Pennsylvania of employment at-will. Since we find that no reasonable jury could make this inference, defendant is entitled to judgment as a matter of law. We will therefore grant defendant's summary judgment motion as to Count IV.

Counts VII and VIII are based upon the same evidence. In Count VII plaintiff alleges that defendant *negligently* misrepresented in the project handbook that he would be employed for a fixed term. Plaintiff's Complaint at 13–14. In Count VIII he claims defendant *fraudulently* misrepresented in the project handbook that he would be employed for a fixed term. *Id.* at 15. In both counts plaintiff again asserts that the handbook shows that defendant considered a project to be an undertaking for a fixed period of time. He additionally refers to the following language;

> Independent of size or content, each project needs a leader. One person must be responsible for (1) creating a project plan, (2) making the plan succeed, (3) monitoring the health of the project, and (4) taking corrective action to avert problems. This person is the Project Manager.

Plaintiff claims that through this language and defendant's knowledge that a project lasts for a specific duration, the defendant either negligently or fraudulently misrepresented to him that he would be hired for the length of the project. A key element to both of these causes of action is that a false representation must have been made; it is only the mental state with which it was made that distinguishes negligent from fraudulent misrepresentation. *Little v. York County Earned Income Tax,* 333 Pa.Super. 8, 18, 481 A.2d 1194, 1199 (1985) (negligent misrepresentation is failure to exercise reasonable care in communicating false information); *Linda Coal & Supply Co. v. Tasa Coal Co.,* 416 Pa. 97, 102, 204 A.2d 451, 453 (1964) (fraudulent misrepresentation requires that false statement be knowingly made).

Plaintiff cites no affirmative representation by defendant. He merely argues that defendant represented the project manager position as having a specific duration and failed to inform him that it was not a fixed term position. An argument alone is, however, not enough to withstand a summary judgment motion absent supporting evidence. Since plaintiff has produced no evidence from which a reasonable jury could find that defendant held out the project manager position as having a fixed term, we will grant defendant's motion for summary judgment on Counts VII and VIII.

An appropriate order will issue.