**Riener v. Evans & Sutherland
Computer Corporation Inc.**

*Walter M. Phillips Jr.,* for plaintiff.
*David F. Luvara,* for defendant.

McANDREWS, *J.,* November 4, 1994—This matter is before the court for disposition of defendant's motion for post-trial relief.

Plaintiff Michael J. Riener brought this action for breach of an employment contract against defendant Evans & Sutherland Computer Corporation Inc. A trial was held on April 7-8, 1994 before this court and a jury of eight. The jury found in favor of plaintiff and awarded damages in the amount of $136,644.01.

Defendant filed a motion for judgment n.o.v. or, in the alternative, a new trial. In support of its motion for judgment n.o.v. defendant argues that plaintiff did not provide sufficient evidence to overcome the presumption of at-will employment. In Pennsylvania, employment is presumed to be at-will. *Scott v. Extracorporeal Inc.,* 376 Pa. Super. 90, 545 A.2d 334 (1988);

*Darlington v. General Electric,* 350 Pa. Super. 183, 504 A.2d 306 (1986); *Veno v. Meredith,* 357 Pa. Super. 85, 515 A.2d 571 (1986), *appeal denied,* 532 Pa. 665, 616 A.2d 986 (1992). This presumption "holds that absent a contract to the contrary, an employee may be discharged for any or no reason." *Scott, supra* at 94, 545 A.2d at 336. In support of its motion for a new trial, defendant asserts that the court incorrectly instructed the jury on the subject of "additional consideration" and improperly admitted into evidence excerpts from plaintiff's personal calendar.

A judgment n.o.v. "may be entered only in a clear case where the facts are such that no two reasonable persons can fail to agree that the verdict was improper." *Giffear v. Johns-Manville Corporation,* 429 Pa. Super. 327, 333, 632 A.2d 880, 883 (1993). *Accord Armstrong v. Paoli Memorial Hospital,* 430 Pa. Super. 36, 633 A.2d 605 (1993). Thus, this court must determine whether there is sufficient competent evidence to sustain the verdict. See *id.* In doing so, this court must consider only that evidence which supports the verdict and give the verdict winner the benefit of all doubt and of every fact and reasonable inference deducible therefrom. *Robertson v. Atlantic Richfield Petroleum Products Co.,* 371 Pa. Super. 49, 537 A.2d 814 (1987), *appeal denied,* 520 Pa. 590, 551 A.2d 216 (1988).

In determining whether to grant a new trial this court must "consider the entire record to determine whether the verdict was arbitrary or capricious or whether it was against the weight of the evidence, or whether there was clearly error of law or palpable abuse of discretion in the rulings...." *Gonzalez v. United States Steel Corporation,* 248 Pa. Super. 95, 108, 374 A.2d 1334, 1341 (1977), *aff'd,* 484 Pa. 277, 398 A.2d 1378 (1979). A new trial is appropriate only when "the jury's

verdict was so contrary to the evidence as to shock one's sense of justice and 'to make the award of a new trial imperative, so that right.may be given another opportunity to prevail.' " *Insurance Co. of the State of Pennsylvania v. Miller,* 426 Pa. Super. 519, 522-23, 627 A.2d 797, 798 (1993) (quoting *Thompson v. City of Philadelphia,* 507 Pa. 592, 598, 493 A.2d 669, 672 (1985)). A trial court must weigh the evidence when passing upon a motion for a new trial, and in doing so may evaluate the credibility of the witnesses and any inconsistencies in their testimony. *Houseknecht v. Walters,* 404 Pa. Super. 85, 590 A.2d 20 (1991).

The facts, presented in the light most favorable to plaintiff, are as follows. Plaintiff was employed by defendant from 1980 to 1986. Plaintiff left defendant in 1986 and was employed elsewhere until 1989 when he was recruited to return to defendant as eastern regional sales manager and acting director of sales. Toward the end of 1990 plaintiff learned that upper management was contemplating a reorganization of the field sales force. In November 1990, plaintiff had a telephone conversation with Quintin Foster, one of defendant's vice presidents and plaintiff's direct supervisor. Plaintiff asked Foster how the reorganization would affect his future with defendant. Foster told plaintiff: "you will always have a job with Evans & Sutherland as long as [Foster's direct supervisor] and I are with the company." Plaintiff was reassured by this statement and refrained from looking for other employment.

In December 1990, Foster asked plaintiff to attend a meeting with him on January 2, 1991. At that meeting plaintiff was told he would no longer be the acting director of sales but would continue as eastern regional sales manager at a reduced salary. Plaintiff again asked Foster about his future with defendant and was again

told that as long as he (Foster) and Foster's supervisor were with the company, plaintiff would have a job. Plaintiff was reassured by this statement and did not seek other employment or follow up on an overture made to him several months later by another company.

On June 6, 1991, plaintiff was terminated from his job. Foster and Foster's supervisor were still employed by defendant at that time. Plaintiff was told that his termination was a result of a reduction in force and had nothing to do with his performance. Several months later plaintiff brought this breach of employment contract action against defendant.

Defendant argues that judgment n.o.v. is appropriate because plaintiff failed to produce sufficient evidence to overcome the presumption of at-will employment. An employee may overcome the presumption if he or she can establish one of the following: "(1) sufficient additional consideration; (2) an agreement for a definite duration; (3) an agreement specifying that the employee will be discharged only for just cause; or (4) an applicable recognized public policy exception." *Robertson v. Atlantic Richfield Petroleum Products Co., supra* at 58, 537 A.2d at 819. Plaintiff argued at trial that an express oral contract was formed between defendant and himself for a definite duration. Plaintiff claimed that the contract created a term of employment that would end only when Foster or Foster's supervisor left defendant's employ. Defendant contends that there is no evidence to support a finding that the parties intended plaintiff's employment to continue for a definite term and also that there was no evidence that plaintiff provided defendant with additional consideration. Plaintiff did not attempt to establish that he furnished additional consideration to defendant, and it was not necessary for him to do so. Therefore, that ground for judgment n.o.v. will not be addressed.

"The existence of a contract, the terms thereof, and the sufficiency of those terms to rebut the at-will presumption" are within the province of the jury. *Robertson v. Atlantic Richfield Petroleum Products Co., supra* at 59, 537 A.2d at 819. A review of the record indicates that there was sufficient competent evidence to support the jury's conclusion that an oral contract for a definite term existed.

As noted above, one way in which the at-will presumption can be overcome is "by clear and specific evidence showing the parties' [sic] *intended* their contract to extend a certain period...." *Gorwara v. Ael Industry Inc.,* 784 F. Supp. 239, 243 (E.D. Pa. 1992). (emphasis in original) *Accord Veno v. Meredith, supra.* "The contractual provision necessary to overcome the at-will presumption must be for a specific and definite term, not vague or conclusory." *Engstrom v. John Nuveen & Co. Inc.,* 668 F. Supp. 953, 959 (E.D. Pa. 1987). See also, *Greene v. Oliver Realty Inc.,* 363 Pa. Super. 534, 526 A.2d 1192 (1987), *appeal denied,* 517 Pa. 607, 536 A.2d 1331 (1987); *Darlington v. General Electric, supra.* Pennsylvania courts have held promises of "long-term," "permanent," and "lifetime" employment too vague to be enforced. See *Schoch v. First Fidelity Bancorporation,* 912 F.2d 654, 660 (3d Cir. 1990); *Scott v. Extracorporeal Inc., supra; Darlington v. General Electric, supra.* In *Greene v. Oliver Realty Inc., supra,* the Superior Court recognized that proof of an agreement of permanent or lifetime employment is not clear evidence. However, the court also stated that "when viewed in the context of the surrounding circumstances, such expressions may rise to the requisite level of clarity." *Id.* at 554, 526 A.2d at 1201. See also, *Lucacher v. Kerson,* 158 Pa. Super. 437, 45 A.2d 245 (1946), *aff'd,* 355 Pa. 79, 48 A.2d 857 (1946).

"In determining whether an employment contract was intended to continue for a definite time, the trier of fact may take into consideration the surrounding circumstances, the situation of the parties, the parties' apparent objectives, and the nature of the subject matter of the agreement." *Monkelis v. Scientific Systems Services*, 677 F. Supp. 378, 381 (W.D. Pa. 1988). *Accord Gillian v. Consolidated Foods Corp.*, 424 Pa. 407, 227 A.2d 858 (1967); *Lubrecht v. Laurel Stripping Co.*, 387 Pa. 393, 127 A.2d 687 (1956); *Cummings v. Kelling Nut Co.*, 368 Pa. 448, 84 A.2d 323 (1951); *Robertson v. Atlantic Richfield Petroleum Products Co., supra; Greene v. Oliver Realty Inc., supra.* In the instant case there was sufficient evidence from which the jury could infer that the parties intended to establish an employment contract for the length of Foster's or Foster's supervisor's tenure with the company. Foster told plaintiff on two occasions that plaintiff had a job with defendant as long as Foster and Foster's supervisor were employed by the company. Foster made these promises in response to plaintiff's expressions of concern over his job security and his future with the company in light of the reorganization of plaintiff's department. "A trial court must allow an issue to go to the jury unless it is so clear that reasonable minds could not possibly differ over its resolution." *Greene v. Oliver Realty Inc., supra* at 555, 526 A.2d at 1202. A jury could reasonably interpret from these facts that the parties intended to contract for a specific period of time. Accordingly, defendant's motion for judgment n.o.v. is denied.

Defendant claims it is entitled to a new trial on two grounds. Defendant contends that the jury instructions regarding "additional consideration" were erroneous and that excerpts from plaintiff's personal calendar were improperly admitted into evidence.

In order to award a new trial on the basis of erroneous jury instructions "the instructions complained of must be fundamentally in error, and it must appear that the erroneous instructions might have been responsible for the verdict." *McCann v. Amy Joy Donut Shops*, 325 Pa. Super. 340, 342, 472 A.2d 1149, 1150 (1984). *Accord Jones v. Montefiore Hospital*, 494 Pa. 410, 431 A.2d 920 (1981). The charge must be evaluated in its entirety and against the background of all the evidence. *Sedlitsky v. Pareso*, 425 Pa. Super. 327, 625 A.2d 71 (1993); *Sweitzer v. Dempster Systems*, 372 Pa. Super. 449, 539 A.2d 880 (1988).

Defendant states that this court erroneously instructed the jury that plaintiff's refraining from seeking other employment in reliance on Foster's promises could constitute "additional consideration" so as to overcome the at-will presumption. Defendant is correct that refraining from seeking employment is not deemed to be sufficient additional consideration to overcome the presumption. See *e.g., Monkelis v. Scientific Systems Services, supra; Engstrom v. John Nuveen & Co. Inc., supra; Darlington v. General Electric, supra; Veno v. Meredith, supra*. However, plaintiff did not argue at trial that he provided sufficient additional consideration to overcome the presumption, and the court did not present any instructions to the jury on that subject. The court did instruct the jury on the requirement of consideration to support a contract, a matter quite different from additional consideration that will overcome the presumption of at-will employment. See *Scott v. Extracorporeal Inc., supra; Veno v. Meredith, supra; Darlington v. General Electric, supra*.

In addition, defendant claims that the charge in its entirety did not convey to the jury the difficult burden of proof upon plaintiff to overcome the at-will pre-

sumption. This court instructed the jury four times that the modification of an employment relationship from at-will to one where the employee can only be terminated for just cause is such a substantial modification that it must be established by clear and specific evidence of the parties' intentions. See N.T., 4/8/94, at 15-16. Further, this court notes that defendant did not raise this particular objection at trial and it is, therefore, deemed waived.

Defendant's second ground for a new trial is that written excerpts from plaintiff's personal calendar were improperly admitted into evidence. Plaintiff testified that on the two occasions when he spoke with Foster and expressed his concerns over his future with the company he wrote down notes from the meetings in his personal calendar. Plaintiff testified that he made these notes during the meetings. N.T., 4/7/94, at 24, 65. Plaintiff's calendar entry marked November 28, 1990 was read to the jury. It stated: "Have job as long as Quint F. and Gary H. are at E. and S." N.T., 4/7/94, at 24. Plaintiff's calendar entry marked January 2, 1991 was received into evidence but was not read to the jury. It stated: "Always have a job for me at E & S as long as Quint and Gary are there!" Exhibit P-11.

Defendant contends that these excerpts are hearsay and do not fall within an exception to the hearsay rule. The admission of these calendar entries into evidence was not error. These statements are not hearsay because they were not offered to prove the truth of the matter asserted. They were offered to establish the oral offer plaintiff claims was made to him by Foster. These statements, as oral expressions of an offer, are statements to which the law has attached a legal consequence. See Leonard Packel and Anne Bowen Poulin, Pennsylvania Evidence §801.1 (1987); Arthur L. Jenkins Jr., Pennsylvania Trial Evidence Handbook §8.3 (1974);

Maurice H. Brown, Pennsylvania Evidence 130 (1949). Such statements have legal significance apart from the truth of the matter asserted and, therefore, are not considered hearsay. See *id.*

In accordance with the foregoing, defendant's motion for judgment n.o.v., or in the alternative, a new trial is denied.

## ORDER

And now, November 4, 1994, upon consideration of defendant's motion for post-trial relief and plaintiff's response thereto, it is hereby ordered and decreed that defendant's motion is denied.